COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Fitzpatrick, Judges Annunziata and
            Bumgardner
Argued at Alexandria, Virginia


CHRIS GARY PETERS

                                 MEMORANDUM* OPINION BY
v.    Record No. 3060-96-4       JUDGE ROSEMARIE ANNUNZIATA
                                    FEBRUARY 3, 1998
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
                       Donald H. Kent, Judge

          Jeffrey T. Barbour, Assistant Public Defender
          (Office of the Public Defender, on brief),
          for appellant.

          Eugene Murphy, Assistant Attorney General
          (Richard Cullen, Attorney General, on brief),
          for appellee.



     Chris Gary Peters (appellant) appeals his conviction for

distribution of cocaine in violation of Code § 18.2-248.  He

contends that the trial court erroneously denied his motion to

compel the disclosure of the Commonwealth's surveillance location

and that the evidence was insufficient to support his conviction.

 We disagree and affirm.

     On May 1, 1996, appellant was arrested for distribution of

cocaine after Officer William Bunney, concealed in an observation

post, observed appellant hand what he believed to be crack

cocaine to another man on the 3800 block of Old Dominion

Boulevard in Alexandria, Virginia.  Appellant filed a Motion to

---

        *Pursuant to Code § 17-116 this opinion is not designated
for publication.

Compel Disclosure of Surveillance Location in an attempt to discover Bunney's exact location.

At a hearing on appellant's motion, Bunney testified that at 9:05 p.m. on May 1, 1996, he was conducting a surveillance of the 3800 block of Old Dominion Boulevard from a concealed location using a Sorovsky spy scope with a magnification of 20-60 times. Streetlights and lights on the fronts of buildings lit the block, as the sun had gone down. Bunney testified that his observation post was within the 3800 block, elevated between twenty and thirty feet, and that there were no obstructions between him and the area he was viewing. There was no precipitation, and the area Bunney was observing was directly in front of him. Bunney stated that, within the previous year, he had told the owner of the building in which he was concealed that the location "would never be revealed because they were concerned about reprisals from individuals on the street."

Bunney saw appellant walk past two individuals standing outside an apartment building at 3816 Old Dominion Boulevard and into the apartment building. Appellant came out of the building with his right hand closed, and gave "at least one rock of what appeared to be crack cocaine" to one of the individuals standing outside of the building, later identified as William Brown. Bunney called other members of his unit for the arrest of appellant and Brown.

On cross-examination, Bunney acknowledged that there are at

2

least four trees on the west side of the 3800 block of Old Dominion Boulevard, the side opposite that of his observation post. However, they are located south of the doorway where the transaction involving appellant occurred. He testified that, although one tree at least partially blocked his view of the sidewalk south of 3816 Old Dominion Boulevard for twenty to thirty feet, and that a building blocked his view of the end of the block, his view of the location where the transaction occurred was not blocked.

The court denied appellant's motion, ruling that the defense had not "established that there are no alternative means of getting at the same point," given counsel's cross-examination of Bunney. The court also ruled that the interests of the Commonwealth in protecting the surveillance location outweighed appellant's interest in knowing the location.

At trial before the court sitting without a jury, Bunney testified that he saw appellant "pour[] one rock or at least one rock of crack cocaine from his right hand into palm up, left hand of Mr. Brown" after leaving the building at 3816 Old Dominion Boulevard. Brown put his left hand, containing the cocaine, into his left pants pocket. Bunney notified other officers to arrest Brown and appellant, and confirmed that they had arrested the correct people. Officer Christopher Wimple testified that he arrested Brown, and found a rock of an off-white substance in Brown's left pants pocket; testing determined the substance to be

3

crack cocaine.

Appellant testified in his own defense that he had gone with his father-in-law to look at a car on Old Dominion Boulevard. He testified that as he walked down Old Dominion Boulevard, he had passed some men, the shorter one of whom asked him for a cigarette; he gave the man his lit cigarette.

The court found appellant guilty and sentenced him to five years imprisonment, with four years suspended.

I.

Disclosure of Surveillance Location

Appellant first contends that the court erred in denying his motion to compel the Commonwealth to reveal the location from which Bunney observed him. We review a court's denial of such a motion for an abuse of discretion. Hollins v. Commonwealth, 19 Va. App. 223, 228, 450 S.E.2d 397, 400 (1994).

The Commonwealth "has a qualified privilege not to disclose the location" of a concealed surveillance post. Hollins, 19 Va. App. at 226, 450 S.E.2d at 399. "The Commonwealth's privilege is limited, however, by 'the fundamental requirements of fairness,' which require consideration of an accused's right to prepare [a] defense." Davis v. Commonwealth, 25 Va. App. 588, 593, 491 S.E.2d 288, 290 (1997) (quoting Roviaro v. United States, 353 U.S. 53, 60, 62 (1957)). In order to overcome the Commonwealth's privilege, a defendant

> must "show that he needs the evidence to conduct his defense and that there are no other adequate alternative means of getting

4

> at the same point." Only then must the court balance the public interest in effective law enforcement and citizens' safety against the defendant's constitutional right to confront government witnesses.

Hollins, 19 Va. App. at 227, 450 S.E.2d at 399 (citation omitted).

Appellant has not satisfied his burden to "'show that he needs the evidence to conduct his defense.'" Hollins, 19 Va. App. at 227, 450 S.E.2d at 399 (quoting United States v. Harley, 682 F.2d 1018, 1020 (D.C. Cir. 1982)). While appellant established that a number of possible obstructions in the 3800 block of Old Dominion Boulevard existed, including at least four trees, both the testimony of Bunney and the photos make clear that Bunney's view of the transaction was unobstructed.

Furthermore, the record contains significant evidence corroborating the evidence that Bunney's view was not obstructed and that the transaction occurred as Bunney reported it. See Davis, 25 Va. App. at 594, 491 S.E.2d at 291 (considering the quality of corroborating evidence as a factor); Hollins, 19 Va. App. at 227, 450 S.E.2d at 399 (same). Bunney testified that he saw appellant distribute crack cocaine to Brown. While denying that he had given crack cocaine to Brown, appellant admitted passing a small object which he characterized as "a lit cigarette," to a man standing with another on Old Dominion Boulevard. The men described by appellant matched the description of the men Bunney observed, one of whom took part in

5

the illegal transaction.  That appellant denied that the small white object in question was cocaine does not materially detract from the substance of the corroborating evidence.  Appellant's testimony further corroborates Bunney's testimony that a transaction involving the passing of a small white object to another took place and confirms that Bunney was not obstructed from observing the transaction.

The other factors identified as relevant in Hollins, 19 Va. App. at 227-28, 450 S.E.2d at 400, also support a finding that appellant failed to show that he had a need for the information.  Bunney was elevated and used a vision-enhancing device; these factors support the inference that Bunney could clearly see appellant and the events in question.  Although the sun had gone down, Bunney testified that the area was well lit by streetlights and lights on the front of the buildings themselves.

Looking at the relevant factors as a whole, we find that the court did not err in denying appellant's motion to compel the disclosure of the exact surveillance location.  Cf. Davis, 25 Va. App. at 594, 450 S.E.2d at 291.

Sufficiency of the Evidence

Appellant next contends that the evidence was insufficient to support his conviction for distribution of cocaine.  Where the sufficiency of the evidence is challenged on appeal, this Court must consider all the evidence and any reasonable inferences fairly deducible from it in the light most favorable to the

6

Commonwealth.  <u>Higginbotham v. Commonwealth</u>, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975); <u>Traverso v. Commonwealth</u>, 6 Va. App. 172, 176, 366 S.E.2d 719, 721 (1988).  A trial court's judgment will not be disturbed on appeal unless it is plainly wrong or without evidence to support it.  <u>Stockton v. Commonwealth</u>, 227 Va. 124, 145-46, 314 S.E.2d 371, 385 (1984).

Viewed in the light most favorable to the Commonwealth, the evidence establishes that appellant distributed crack cocaine to Brown.  Bunney testified that he saw appellant pour a rock of crack cocaine into Brown's left hand, and saw Brown put the rock into his left pocket.  When Brown was arrested, the police found a rock of crack cocaine in his left pocket.  Even if, as appellant contends, Brown threw the cocaine that he acquired from appellant away as he saw the police approach, Bunney's testimony that he saw appellant hand a rock of cocaine to Brown is sufficient to support his conviction.

<u>Affirmed.</u>